| | |
|---|---|
| LAWRENCE J. HILTON (SBN 156524)<br>Email: lhilton@onellp.com<br>TAYLOR C. FOSS (SBN 253486)<br>Email: tfoss@onellp.com<br>**ONE LLP**<br>23 Corporate Plaza, Suite 150-105<br>Newport Beach, CA 92660<br>Telephone:   (949) 502-2876<br>Facsimile:    (949) 258-5081<br><br>Attorneys for Plaintiffs and<br>Counter-Defendants<br>MEINEKE FRANCHISOR SPV LLC<br>and MEINEKE REALTY, INC. | JESSICA ROSEN, SBN 294923<br>jrosen@lewitthackman.com<br>HEIDY A. NURINDA, SBN 333188<br>hnurinda@lewitthackman.com<br>**LEWITT, HACKMAN, SHAPIRO,**<br>**MARSHALL & HARLAN**<br>16633 Ventura Boulevard, 11th Floor<br>Encino, California 91436-1865<br>Telephone:   (818) 990-2120<br>Fax:               (818) 981-4764<br><br>Attorneys for<br>Defendants/Counterclaimant |

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| MEINEKE FRANCHISOR SPV LLC, a Delaware limited liability company; and MEINEKE REALTY, INC., a North Carolina corporation,<br><br>             Plaintiffs,<br><br>    v.<br><br>CJGL, INC., a California corporation; CARL DOUMA, an individual; JAN DOUMA, an individual,<br><br>             Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No. 2:23-cv-00374-SPG-JC<br>Hon. Sherilyn Peace Garnett<br><br>**JOINT APPENDIX OF OBJECTIONS**<br><br>Date: April 10, 2024<br>Time: 1:30 p.m.<br>Crtrm: 5C<br><br>Complaint Filed: January 18, 2023<br>Answer/Counterclaim: March 15, 2023<br><br>Trial Date: June 18, 2024 |

**JOINT APPENDIX OF OBJECTIONS**

| Objector | Evidence | Objection (O) / Response (R) | Ruling |
|---|---|---|---|
| Meineke | 1. "I understand that Meineke claims to have become a month-to-month tenant, despite the Master Lease containing a "No-Holdover" Provision. (See Ex. C.)" (Douma Decl. ¶ 5.) | O: Relevance, argumentative. | S / O |
| | 2. "In or around December 2019, Mary Sourmany visited the Franchise Premises with an inspector she hired to inspect the property. I approached her, not for the first time, about signing a directing [sic] lease with us for the Franchise Premises. She responded that she would be happy to do so but that first Meineke needed to make all repairs that Meineke was supposed to do under the Master Lease."  (Douma Decl. ¶ 7.) | O: Hearsay. | S / O |
| Meineke | 3. "Based on Mr. Robinson's representations that Meineke was working to arrange a direct lease and that Meineke, through Mr. Robinson, were in discussions and coordination with the Landlord, neither CJGL, myself, nor Carl attempted at the time to | O: Lack of personal knowledge as to Carl Douma's state of mind. | S / O |

2
**JOINT APPENDIX OF OBJECTIONS**

| Objector | Evidence | Objection (O) / Response (R) | Ruling |
|---|---|---|---|
|  | pursue possible legal claims against Meineke. Rather, we made reasonable efforts to enter into a new lease agreement directly with the Landlord." (Douma Decl. ¶ 10.) |  |  |
| Meineke | 4. "On or around June 7, 2021, the Landlord, through the Landlord's attorney, Andrew Simon, sent an e-mail to Meineke (Mr. Robinson) and me. In that e-mail, the Landlord informed me that Meineke agreed to guaranty the commercial lease. The Landlord also stated its intent to offer me an 8-year lease at current market value, and that the Landlord was in the process of determining the market value." (Douma Decl. ¶11.) | O: Hearsay. | S / O |
| Meineke | 5. "On July 12, 2021, the Landlord again sent the guaranty to Meineke, stating that I was "is ready to execute the new lease," and if "Meineke [is] ready to execute the guaranty and move this process forward? Please advise." (Douma Decl. ¶15.) | O: Hearsay. | S / O |

| Objector | Evidence | Objection (O) / Response (R) | Ruling |
|---|---|---|---|
| Meineke | 6. "I understood I had to execute the renewal and accompanying papers so that Meineke would execute the guaranty for the direct lease after a telephone call with Mr. Robinson, who told me Meineke would not "go to bat" for an "uncommitted franchisee." Further, not renewing the franchise would have resulted in the loss of jobs for our employees, our Small Business Administration ("SBA") loan being accelerated and losing our source of income." (Douma Decl. ¶16.) | O: Relevance as to Mrs. Douma's subjective state of mind. | S / O |
| Meineke | 7. "The renewal was presented on a take-it-or-leave-it basis. There was no negotiation and no opportunity for negotiating material terms relating to possession of the Franchise Premises, especially when Meineke plainly refused reasonable extension of the existing 2014 Franchise Agreement pending completion and execution of a new commercial lease for the Franchise Premises." | O: Improper opinion and argumentative. Mrs. Douma recites legal conclusions to support her arguments, with no evidence that she ever attempted to negotiate terms. | S / O |

4
**JOINT APPENDIX OF OBJECTIONS**

| Objector | Evidence | Objection (O) / Response (R) | Ruling |
|---|---|---|---|
| | (Douma Decl. ¶17.) | | |
| Meineke | 8. "We were concerned we would lose our franchise business if we did not renew and felt we had no choice but to renew the franchise." (Douma Decl. ¶17.) | O: Relevance as to Mrs. Douma's subjective state of mind. | S / O |
| Meineke | 9. "On August 25, 2021, I was copied on an e-mail with an attached letter from the Landlord to Mr. Robinson as "Director of Real Estate" for Driven Brands. The letter was the Landlord's "formal demand" that Meineke's parent company, "Driven Brands as the Lessee" of the Master Lease "make the repairs to the Premises referenced on the list attached hereto." (Douma Decl. ¶18.) | O: Hearsay. | S / O |
| Meineke | 10. "On or around September 8, 2021, the Landlord told me and Meineke that the offer to lease the Franchise Premises directly to CJGL / the Doumas was withdrawn." (Douma Decl. ¶19.) | O: Hearsay. | S / O |

5
**JOINT APPENDIX OF OBJECTIONS**

| Objector | Evidence | Objection (O) / Response (R) | Ruling |
|---|---|---|---|
| Meineke | 11. "On September 24, 2021, the Landlord informed us, through our counsel, that Meineke "blew it" by refusing to guarantee the lease." (Douma Decl. ¶22.) | O: Hearsay. | S / O |
| Meineke | 12. "The Landlord stated that they would nonetheless entertain a different offer of lease terms until the Landlord signed the deal to put the property on the market." (Douma Decl. ¶22.) | O: Hearsay. | S / O |
| Meineke | 13. "I understand Meineke claims the "effective date" of the 2021 Franchise Agreement is September 29, 2021, despite CJGL having executed the lease in July 2021." (Douma Decl. ¶23.) | O: Relevance, argumentative, vague and ambiguous as to the term "lease." | S / O |
| Meineke | 14. "We did not understand the significance of the Release and that the Release covered the instant disputes and legal action when we were engaged in discussions over several disputes before, during, and after, the renewal in July and September 2021." (Douma Decl. ¶25.) | O: Relevance. | S / O |

6
**JOINT APPENDIX OF OBJECTIONS**

| Objector | Evidence | Objection (O) / Response (R) | Ruling |
|---|---|---|---|
| Meineke | 15. "Meineke modified the 2021 Franchise Agreement when it approved the renewal but ignored the renewal term that CJGL "maintain the right to possession of the [existing Meineke Car Care Center] for the term of the successor franchise agreement." (Douma Decl. ¶26.) | O: Improper opinion, no foundation, argumentative. | S / O |
| Meineke | 16. "Meineke did not make requisite disclosures to us of that modification as required under California law at any time and certainly not in advance of execution of the 2021 Franchise Agreement." (Douma Decl. ¶26.) | O: Improper opinion, no foundation. | S / O |
| Meineke | 17. "In my expert opinion: a. In a franchise relationship, it is standard practice in franchising that the franchisor assist a franchisee to remain open for business, including (as one alternative) securing a direct lease for the franchised premises." (Holmes Decl. ¶ 5.) | O: No foundation, relevance. | S / O |

7
**JOINT APPENDIX OF OBJECTIONS**

| Objector | Evidence | Objection (O) / Response (R) | Ruling |
|---|---|---|---|
| Meineke | 18. "It is also standard custom and practice in the franchise industry to keep a franchisee informed on matters related to the master lease and sublease for the franchised premises, including communications between the franchisor and the landlord." (Holmes Decl. ¶ 5.) | O: No foundation, relevance. | S / O |
| Meineke | 19. "If Meineke failed to meaningfully assist CJGL to remain open for business and to keep CJGL informed on all matters relating to the Master Lease and Sublease then Meineke s acts and/or omissions are not consistent with standard franchise industry custom and practice." (Holmes Decl. ¶ 5.) | O: No foundation, relevance. | S / O |
| CJGL / Doumas | 20. General Objection is made to all evidence cited by Meineke that does not support the fact asserted, including all evidence cited in support to Joint Appendix of Facts ("JAF") ¶¶ 29-31, 36. | O: Improper argument / characterization / misstates evidence / speculation / argument/legal conclusion as to material facts in dispute. (Fed. R. Evid. 403, 602, 701) Meineke's mischaracterization and misstatement of evidence is to sway the Court toward legal conclusions sought by Meineke, despite lack of factual support or, if some | S / O |

| Objector | Evidence | Objection (O) / Response (R) | Ruling |
|---|---|---|---|
| | | support, in disregard of evidence establishing genuine disputes of material fact. While such usage may not necessarily be improper in a lawyer's argument, such as in the analysis of a brief, it is improper to proffer as "undisputed" facts for summary judgment when the cited evidence does not such support the asserted fact. | |
| CJGL / Doumas | 21. General Objection is made to all evidence cited by Meineke that does not support the fact asserted or otherwise lacks foundation for such asserted fact, including all evidence cited in support to JAF ¶¶ 18, 22, 28-31, 33-35, 37, 39-51, 53-55. | O: <u>Speculative / Lacks Foundation / Lack of Personal Knowledge.</u> Much of Meineke's evidence fails because Meineke has "made no showing that the facts underlying the [hearsay statements, including Meineke's asserted Facts in the Joint Appendix] … could be presented in admissible form at trial." *Gamez-Morales v. Pacific Northwest Renal Services, LLC*, 304 Fed. Appx. 572, 575 (9th Cir. 2008). Thus, Meineke failed to meet evidentiary requirements set forth under Rule 56. *See Fraser v. Goodale*, 342 F.3d 1032, 1036-37 (9th Cir. 2003) (party must satisfy the requirements of Federal Rules of Civil Procedure 56.") Meineke could have but did not obtain testimony to explain or detail the significance of the documentary evidence relied | S / O |

| Objector | Evidence | Objection (O) / Response (R) | Ruling |
|---|---|---|---|
| | | upon and cited as support for an "undisputed" fact, including written correspondence. Certain declarants could have but did not provide such testimony under oath, such as Dennis Leone, who authenticates e-mails, but does not establish that the asserted "facts" are (1) based on personal knowledge, (2) admissible, and (3) show that the "declarant is competent to testify on the matters stated." at hand. Fed. R. Civ. P. 56(c)(4). | |
| CJGL / Doumas | 22. General Objection is made to all evidence cited by Meineke that does not support the fact asserted or otherwise lacks foundation for such asserted fact, including all evidence cited in support to JAF ¶¶ 18, 22, 28-31, 33-35, 37, 39-51, 53-55. | Meineke's assertions of these facts, assuming some admissible evidence is produced by the moving party—Meineke, such evidence is entitled to little weight. If any such evidence conflicts with evidence produced by the nonmoving party—CJGL, the Court must assume the truth of the evidence submitted by the nonmoving party. *Leslie v. Grupo* ICA, 198 F.3d 1152, 1158 (9th Cir. 1999) (citing *T. W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626 (9th Cir. 1987)); *see Sandoval v. Cty. of San Diego*, 985 F.3d 657, 666 n.5 (9th Cir. 2021) ("It goes without saying that a district court evaluating an objection on summary judgment cannot simply accept the *moving party*'s version of | S / O |

| Objector | Evidence | Objection (O) / Response (R) | Ruling |
|---|---|---|---|
| | | disputed facts when determining which evidence is relevant.") (emphasis in original). | |
| CJGL / Doumas | 23. General Objection is made to all evidence cited by Meineke based on Meineke's counsel's improper testimony, including all evidence cited in support to JAF ¶¶ 18, 22, 28-31, 33-35, 37, 39-51, 53-55. | O: Counsel is improperly testifying. (Cal. Rule of Professional Conduct 3.4(g)); Hearsay / Improper Expert Opinion / Improper Legal Conclusion. (Fed. R. Civ. P. 56(c)(1)(2); Fed. R. Evid. 60,2 701, 703, 801). A lawyer shall not "assert personal knowledge of facts in issue" with two exceptions not applicable here.[1] The Ninth Circuit holds it is improper for an attorney to make "unsupported factual claims" because "[w]hen a lawyer asserts that something not in the record is true, he is, in effect, testifying." *United States v. Kojayan*, 8 F.3d 1315, 1321 (9th Cir. 1993); *see also Bank Melli Iran v. Pahlavi*, 58 F.3d 1406, 1412-13 (9th Cir. 1995) (evidence entitled to no weight in the summary judgment analysis where the declarant—here, Meineke's counsel in argument and in the Joint Appendix of Facts—lack personal knowledge of the statements made). Put simply, | S / O |

---

[1] Rule 3.4(g) does not apply to a lawyer "when testifying as a witness," or the lawyer states "a personal opinion as to the guilt or innocence of an accused."

11
**JOINT APPENDIX OF OBJECTIONS**

| Objector | Evidence | Objection (O) / Response (R) | Ruling |
|---|---|---|---|
| | | "[a]ttorney argument is not evidence." *DNA Genotek Inc. v. Spectrum Solutions L.L.C.*, 2023 U.S. Dist. LEXIS 85631, 2023 WL 3445207, at *18 (S.D. Cal. May 2, 2023) (quotation omitted).<br><br>R: Mr. Hilton's Declaration does nothing more than authenticate three documents, all produced by CJGL through discovery. | |
| CJGL / Doumas | 24. Hilton Declaration, Exhibit 2 at p.2, ¶3, lines 9-13. | O: Lacks Foundation. (FRE 602) & Lack of Authentication (FRE 901) The declarant does not identify how he has personal knowledge of the facts alleged nor does he authenticate Exhibit 2.<br><br>R: All of the documents attached to Mr. Hilton's Declaration were produced by CJGL's counsel through discovery. As such, no further authentication is necessary. *Castaic Lake Water Agency v. Whittaker Corp.*, 272 F. Supp. 2d 1053, 1061 n.8 (C.D. Cal. 2003) (citing *Maljack Productions, Inc. v. GoodTimes Home Video Corp.* (9th Cir. 1996), 81 F.3d 881, 889 n.12 (document authenticated when produced by defendant in discovery); *Snyder v. Whittaker Corp.*, 839 F.2d 1085, 1089 (9th Cir. 1988) (same). | S / O |

| Objector | Evidence | Objection (O) / Response (R) | Ruling |
|---|---|---|---|
| CJGL / Doumas | 25. Krader Declaration, Exhibit 7 at p.3, ¶8, lines 17-23. | O: <u>Lacks Foundation.</u> (FRE 602) & <u>Lack of Authentication</u> (FRE 901) The declarant does not identify how he has personal knowledge of the facts alleged nor does he authenticate Exhibit 2.<br><br>R: Mr. Krader testified in the referenced paragraph that he was a recipient of the email attached as Exhibit 7 to his Declaration, and his name and email address appear in the "To" section of the email. That is enough to meet the requirements of Rule 901. | S / O |
| CJGL / Doumas | 26. Krader Declaration, Exhibit 7 at p.3, ¶8, lines 17-23. | O: <u>Hearsay</u> (FRE 801) The "Report" is hearsay with no indication of admissibility. *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003).<br><br>R: The referenced exhibit is a "Notice to Comply/Notice of Violation" issued by the Santa Barbara County Certified Unified Program Agency. As such it is an official record subject to FRE 803(8). See *United States v. Saporito*, 684 F. Supp. 2d 1043, 1048 (N.D. Ill. 2010) (EPA Pollution Reports and EPA Action Memorandum admitted as official record under FRE 803(8). | S / O |

| Objector | Evidence | Objection (O) / Response (R) | Ruling |
|---|---|---|---|
| CJGL / Doumas | 27. Krader Declaration, Exhibit 7 at p.3, ¶8, lines 17-23. | O: <u>Improper Expert Opinion</u> (FRE 702, 703) The declarant is not qualified to testify to the Report's opinions / conclusions, as used by Meineke to support asserted facts and argument.<br><br>R: Mr. Krader testifies only that he received the notice of violation. He offers no commentary or opinion on its contents. | S / O |
| CJGL / Doumas | 28. Leone Declaration. | O: <u>Failure to disclose witness resulting in prejudice.</u> (Fed. R. Civ. P 26, 37), *see* Ex. O attached to Rosen Declaration.<br><br>R: All of the documents attached to Mr. Leone's Declaration were produced to CJGL's counsel on October 19, 2023, and all of the documents were email exchanges between Mr. Leone and CJGL's attorney, Mr. Haff. CJGL and the Doumas were well aware of Mr. Leone and his communications with their counsel, as Mrs. Douma was a recipient of all but one of the email communications, e.g., Leone Exh. 2, 3, 4 and 5. (Hilton Decl. ¶ 5.) Supplementation of Plaintiffs' Rule 26 Disclosures would only have been necessary "if the additional or corrective information **has not otherwise** | S / O |

| Objector | Evidence | Objection (O) / Response (R) | Ruling |
|---|---|---|---|
| | | *been made known to the other parties during the discovery process* or in writing . . . ." | |
| CJGL / Doumas | 29. Leone Declaration, Exhibit 1 at p.2, ¶2, lines 8-12. | O: Double Hearsay (FRE 801, 805)<br><br>R: It is unclear exactly what CJGL is objecting to, e.g. whether the reference is to Exhibit 1 of the Declaration (which has no paragraph or line numbers) or whether it is to Paragraph 2 of the Declaration itself.[2] Assuming the latter, the email is a statement by a party (CJGL and the Doumas) through their counsel, and therefore not hearsay. FRE 801(d)(2). | S / O |
| CJGL / Doumas | 30. Leone Declaration, Exhibit 2 at p.2, ¶3, lines 13-15. | O: Improper Expert Opinion / Legal Conclusion (FRE 701, 702, 703, 704) The declarant is not qualified to testify to the legal significance and conclusions of attorneys Haff.<br><br>R: See above. If CJGL is objecting to Paragraph 3 of Mr. Leone's Declaration, he offers no opinions or conclusions. | S / O |

---

[2] The Court's Standing Order requires parties to identify in the JAO the specific testimony subject to the objection. Had CJGL inserted the actual testimony (as demonstrated in the JAO sample in the Standing Order), Plaintiffs would have been able to provide definitive responses.

15
**JOINT APPENDIX OF OBJECTIONS**

| **Objector** | **Evidence** | **Objection (O) / Response (R)** | **Ruling** |
|---|---|---|---|
| CJGL / Doumas | 31. Leone Declaration, Exhibit 3 at p.2, ¶4, lines 17-23. | O: Hearsay (FRE 801) Inadmissible hearsay with no indication of admissibility (i.e., testimony of Haff and/or Simon), and there is no testimony or other evidentiary support explaining the significance of the e-mail. *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003).<br><br>R: See above. If CJGL is objecting to Paragraph 4 of Mr. Leone's Declaration, the email is a statement by a party (CJGL and the Doumas) through their counsel, and therefore not hearsay. FRE 801(d)(2). The witness is not required to explain the significance of the exhibit, and it would be improper for him to do so in a declaration. | S / O |
| CJGL / Doumas | 32. Leone Declaration, Exhibit 3 at p.2, ¶4, lines 17-23. | O: Improper Expert Opinion / Legal Conclusion (FRE 701, 702, 703, 704) The declarant is not qualified to testify to the legal significance and conclusions of attorneys Haff.<br><br>R: See above. If CJGL is objecting to Paragraph 4 of Mr. Leone's Declaration, he offers no opinions or conclusions. | S / O |

16
**JOINT APPENDIX OF OBJECTIONS**

| Objector | Evidence | Objection (O) / Response (R) | Ruling |
|---|---|---|---|
| CJGL / Doumas | 33. Leone Declaration, Exhibit 4 at p.2, ¶5, lines 22-24. | O: Hearsay (FRE 801) Inadmissible hearsay with no indication of admissibility (i.e., testimony of Haff and/or Simon), and there is no testimony or other evidentiary support explaining the significance of the e-mail. *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003).<br><br>R: See above. If CJGL is objecting to Paragraph 5 of Mr. Leone's Declaration, the email is a statement by a party (CJGL and the Doumas) through their counsel, and therefore not hearsay. FRE 801(d)(2). The witness is not required to explain the significance of the exhibit, and it would be improper for him to do so in a declaration. | S / O |
| CJGL / Doumas | 34. Leone Declaration, Exhibit 4 at p.2, ¶5, lines 22-24. | O: Improper Expert Opinion / Legal Conclusion (FRE 701, 702, 703, 704) The declarant is not qualified to testify to the legal significance and conclusions of attorneys Haff and Simon.<br><br>R: See above. If CJGL is objecting to Paragraph 5 of Mr. Leone's Declaration, he offers no opinions or conclusions. | S / O |

| Objector | Evidence | Objection (O) / Response (R) | Ruling |
|---|---|---|---|
| CJGL / Doumas | 35. Winchester Declaration, Exhibit 1 at p.2, ¶2, lines 6-12. | O: <u>Improper Expert Opinion / Legal Conclusion</u> (FRE 701, 702, 703, 704) The declarant is not qualified to testify to the legal conclusions (asserted as "facts" by Meineke in its brief and JAF).<br><br>R: See above. If CJGL is objecting to Paragraph 2 of Mr. Winchester's Declaration, he offers no opinions or conclusions. | S / O |

Dated:  March 13, 2024

ONE LLP
LAWRENCE J. HILTON

By:  */s/ Lawrence J. Hilton*
         Lawrence J. Hilton

Attorneys for Plaintiffs and Counter-Defendants MEINEKE FRANCHISOR SPV LLC and MEINEKE REALTY, INC.

Dated: March 13, 2024

LEWITT, HACKMAN, SHAPIRO, MARSHALL & HARLAN

By: */s/ Jessica Rosen*
         Jessica W. Rosen
         Heidy Nurinda

Attorneys for Defendants and Counterclaimant